IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

ANTHONY COHEN, #194438

    Plaintiff,

v.                                                                                      Civil Action No. WMN-14-1850

WEXFORD HEALTH SOURCES, Inc. et al.

    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION

Plaintiff submits this Memorandum of Law in Support of His Motion for a Preliminary Injunction.

In Determining whether a Preliminary injunction should be issued, a District Court Must Consider whether the Party Seeking the Injunction has Demonstrated that: (1) by a "Clear Showing" that he is likely to Succeed on the Merits at trial; (2) that He is likely to Suffer Irreparable Harm in the Absence of Preliminary Relief; (3) That the Balance of Equates tips in His favor; and (4) that an Injunction is in the Public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.ct. 365, 172 L.Ed.2d 249 (2008). The Plaintiff Must show that the Irreparable Harm He faces in absence of Relief is "neither Remote nor Speculative, But imminent and Actual." Direx Israel, LTD. v. Breakthrought Medical Group, 952 F.2d 802, 812 (4th Cir. 1991).

## I. There is Reasonable Likelihood that Plaintiff will succeed on The Merits at Trial.

Recognizing that "there is no Iron Curtain Drawn Between the Constitution and the Prisons of this Country," Wolf v. McDonnell, 418 U.S. 539, 555-56 (1974). The Supreme Court Espoused that "Prisoners Retain the essence of Human Dignity inherent in All Persons", "A Prison that Deprives Prisoners of Basic sustenance including Adequate Medical Care is incompatible with the Concept of Human Dignity and has no Place in Civilized Society". Brown v. Plata, 131 S.Ct. 1910, 1928 (2011). Cohen, at Trial can adduce Sufficient Evidence for the trier of Fact to conclude that the Defendants exhibited "Deliberate indifference to [His] Serious Medical Needs", Estell v. Gamble, 429 U.S. 97, 104 (1976) - Both in the initial Refusal by Defendant Hunt, to treat Plaintiff for Obvious Serious Medical Needs and then for their Continuous Refusal to send Plaintiff out for His Serious Head-Injuries (Headaches) and the Operation that Defendants were so Adamant about in all their Motions. The Courts accordingly Have a Responsibility to Remedy the Resulting Eigth Amendment violation throught the Compensatory, injunctive and temporary Restraining Order that Cohen sought. Plata, 131 S.Ct. at 1928.

## II. Plaintiff Faces a Substantial Threat of Irreparable Harm.

Irreparable Harm will Result unless an Injunction is Granted. Courts Have found that "any injury to the Head unless obviously

Superficial should ordinary be Consider serious and Merits Attention until Properly Diagnosed as to Severity." See Murphy v. Walker, 51 F.3d 714, 719 (7th Cir. 1995). Concussions can be a Fatal Injury, and Because of this Fact Medical treatment is Essential if after weeks following (Its been (8) eight months) the concussion a Plaintiff Developes Severe Headaches, confusion, continual Drowsiness, and loss of Coordination (Vertigo). Plaintiff is still currently experiencing those symptoms and More. Plaintiff is (57) fifty seven years old a Surviver of (2) major ailments. Any Remedy at Law for Plaintiff's injuries would be inadequate.

### III. The Threatened Harm To Plaintiff Outweighs Any Harm That The Injunction May Cause Defendants

The Balance of Equities Tips in Plaintiff's favor. Because he Has shown that He is suffering Pain from Head injuries and imminent irreparable Harm, the Court should Grant this Interlocutory Injunctive Relief. The Relief that Plaintiff seeks is essentially an Order Compelling Defendants to (Really) Perform their Pre-existing Duties under the United States Constitution and their own Protocol.

### IV. The Public Interest Will Not Be Disserved

Finally Plaintiff only seeks a Preliminary Injunction to Protect His Rights. As a General Matter, The "Public interest is always Served by Protecting the Constitutional Rights of All its Members. Reinert v. Haas, 585 F. Supp. 477, 481 (S.D. Iowa 1984).

-3-

WHEREFORE, for these reasons, a Preliminary Injunction should be Issued.

Respectfully submitted,

Anthony Cohen
Anthony Cohen, #194438
Pro-se
NBCI-14100 McMullen Hwy. S.W.
Cumberland, Maryland. 21502

Verification

Pursuant to 28 U.S.C § 1746, I Declare under Penalty of Perjury Under the Laws of the United States of America that the foregoing is True and Correct.

Executed on October 13, 2014

Anthony Cohen

-4-